## M'Mullin *against* M'Mullin.

A testator directed that his family should live together until his youngest child should arrive at full age; until which time he gave all his estate, real and personal, to his executors, the proceeds of which, after payment of family expenses, to be for the use of his executors: *Held*, that the devise to the executors was a trust coupled with an interest; and that upon their death and that of all the family who required subsistence under the will before the period named, the trust ceased, and the whole proceeds of the estate immediately went to the youngest and only surviving child.

ERROR to the common pleas of *York* county.

George L. Shearer, administrator of William M'Mullin, deceased, against James O. Hail, guardian of John S. M'Mullin.

William M'Mullin made his last will on the 13th of November 1826; which was duly proved in the register's office of York county, on the 28th of May 1827, and letters testamentary issued to the executors therein named.

Amongst other provisions of said will are the following words, to wit:

" It is my earnest desire that my children shall live together in the strictest bonds of friendship and affection, until my youngest child arrives at the age of twenty-one years; I therefore direct my executors, and whose duty it shall be to make all necessary provisions for their comfort at all times, and have my son John taught to read properly, write a fair hand, and instructed in arithmetic at least through the rule of interest, and when he arrives at the age of seventeen years, put him to a respectable mechanic to learn a trade, the choice of which to be left with himself.    I also direct that any money due me on obligation which may be recovered after payment of my debts, &c., I wish it to be equally divided between any two of my children who may be concerned in the payments of any of the share or shares, when such share or shares shall have been ascertained to be by them applied to that use, and in order to enable my executors to carry the foregoing requests into complete operation, I give them the entire use of all my real and personal property, excepting such parts as shall be otherwise bequeathed, until the time aforesaid, namely, until my son John arrives to the

[M'Mullin v. M'Mullin.]

age of twenty-one years; or, in case of his decease, then until my daughter Susan arrives at the age of twenty-one years; all emoluments arising from said property, after payment of family expenses, to be for the use of my executors, and at the expiration of the time aforesaid, my then surviving children, or such of them as are capable of transacting business, shall mutually choose five good and sufficient freeholders, residing in the neighbourhood, to value and appraise all my real estate, and divide the same into two parts or parcels, and when so divided, I direct that my two oldest sons then living shall each take one divide or parcel, the oldest to have first choice, and if my executors, or in case of the decease of any of them, the two who may come in possession of my said real estate, are not disposed to pay my son John's share in money, provided he be living, then I direct his share to be divided off in lands; and provided further, that if all my sons should die before a divide be effected but one, then the right of taking one divide or parcel of land shall devolve on my daughter Susan. The amount of the appraisement of my real estate to be divided into equal shares among my beloved children, viz: James R. McMullin, William McMullin, Susan McMullin, Martha McMullin, and John S. McMullin, in case of the decease of any of them their share to fall to the rest, those of my children who come in possession of my real estate shall pay to the remaining part at the end of one year thereafter their respective shares agreeably to the appraisement."

James R. and William, testator's sons above named, were by said will appointed executors, and accepted the letters testamentary.

Martha above named died in 1830, without issue.

Susan above named died in 1832, without issue.

James R., one of the executors, died in 1835, leaving widow and issue.

William, the other executor, died February 13, 1838, leaving widow and issue, and the plaintiff is the administrator of his estate.

John S. McMullin, legatee as above, was indented as an apprentice in January, 1837, is now between nineteen and twenty years of age, and the defendant is guardian of his person and estate, duly appointed by the orphans' court of York county.

The plaintiff and defendant by parol leased the real estate in said will devised to John Hursh, for the term of one year from the 1st of April 1838, for the sum of 175 dollars; and on the 1st of April 1839, the said Hursh paid said rent to the defendant, the plaintiff consenting thereto in consideration of the promise of the defendant to pay him the whole or such part of said rent as the plaintiff should be entitled to under the will aforesaid.

If upon these facts the plaintiff is entitled to recover the whole rent of said real estate, then judgment for plaintiff for 175 dollars.

If the one-half of said rent belongs to James R. McMullin's estate, then judgment for plaintiff for 87 dollars and 50 cents.

Otherwise, for defendant.

VIII.—V

The court below (Durkee, president) rendered a judgment for the defendant.

*Barnitz,* for plaintiff in error.

*Chapin, contra,* cited 1 *Vez.* 380; 18 *Vez.* 41; 2 *Bro. Chan. Cas.* 38; 18 *Vez.* 368; 1 *Vez.* 268.

The opinion of the Court was delivered by

Sergeant, J.—The testator having five children, makes two of them executors, and being earnestly desirous that his children should live together until the youngest should arrive at twenty-one, in order to effect this object gives the entire use of all his real and personal property to these executors until that time, and directs that all emoluments arising from the property, after the payment of family expenses, should be to the use of his executors until that time. This is a trust coupled with a beneficial interest; a trust to keep the family together, and defray its expenses out of the estate, with a right in the executors to take what remained for their own use. The trust in its terms is confined to the executors themselves, and not limited over to their executors or representatives. Chancery will sometimes enlarge the duration of a trust estate, in order to carry into effect the purposes of the testator. But here the purpose which is declared to be to keep the family together, has failed by the events which have happened. The children are now all deceased except John, and he is provided for as to care and expenses by being bound to a trade, and the appointment of a guardian. The trustees, in whom this peculiar confidence was reposed, probably because they were children of the testator, and brothers of the *cestui que trusts,* have also passed away. So that both the burthen of the duty and the right to enjoy the beneficial interest, are at an end by the casualties that have happened. The children of deceased children are not mentioned in the will as persons who are to participate in this temporary beneficial interest given to the sons, who were appointed executors; nor could they, from their age, perform the trust. We therefore think the opinion of the court below right: that John takes the whole of the remaining interest in this land from the decease of the surviving executor, till his arrival at twenty-one, as the only one of the children of the testator remaining, for whose use the bequest was originally provided.

Judgment affirmed.